**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST,<br><br>   *Plaintiff*,<br><br>  v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>   *Defendant*. | Civil Action No. 22-2849 (TJK) |

**MEMORANDUM OPINION**

  Plaintiff Protect the Public's Trust sued the Department of Labor for not responding to its Freedom of Information Act request. The request calls for "all records and communications" since January 20, 2021, between all agency "political appointees" and "any employee or representative" of twenty-five separate organizations, including universities, law firms, and unions. The Department of Labor moved to dismiss, arguing that the request fails to reasonably describe the records it seeks. The Court agrees. Because Protect the Public's Trust failed to submit a proper Freedom of Information Act request that triggers Defendant's obligation to respond, the Court will grant the motion and dismiss the case.

**I. Background**

  According to the complaint, ECF No. 1 ("Compl."), on March 22, 2022, Protect the Public's Trust submitted a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to the Department of Labor, seeking:

> All records and communications, documents, and other records from January 20, 2021 through the date this request is processed, between any political appointees (all PAS, non-career SES and Schedule C) and any employee or representative of the following selected external organizations:
> - UCLA
> - Northeastern University

- United Mine Workers of America
- Mooney, Green, Saindon, Murphy and Welch Law Firm
- Latham & Watkins
- WestExec Advisors
- SKDK or SKD Knickerbocker
- SEIU
- AFL-CIO
- American Federation of State, County and Municipal Employees (AFSCME)
- UNITE HERE
- American Federation of Teachers
- National Education Association
- Harvard University
- Georgetown University
- Columbia University
- Center for American Progress
- Economic Policy Institute
- United Steelworkers Union
- United Farm Workers Foundation
- International Brotherhood of Teamsters
- National Women's Law Center
- Lawyers' Committee for Civil Rights Under Law
- Family Values @ Work
- Arabella Advisors.

Compl. ¶ 6; ECF No. 1-1 at 1–2. The request stated also that: "the term 'all records' refers to, but is not limited to, any and all documents, correspondence . . . , emails, text messages[,] letters, notes, telephone records, telephone notes, minutes, memoranda, comments, files, presentations, consultations, assessments, evaluations, schedules, telephone logs, digital logs . . . , papers published and/or unpublished, reports, studies, photographs and other images, data, maps, and/or all other responsive records, in draft or final form." ECF No. 1-1 at 2.

A week later, Defendant acknowledged the request and informed Plaintiff that, because of a "backlog of requests," it would be "unable to respond to [the] request within the time limits established by the FOIA" but "expect[ed] to complete processing [the] request on or before 40 days from" then. Compl. ¶ 9. In June 2022, Defendant updated Plaintiff that it was "still

conducting [its] research into [the] request," but could not provide "an exact estimate of completion of [the] request" because of the continuing "backlog of requests." *Id.* ¶ 11. Plaintiff did not receive another substantive response, despite following up again in August. *Id.* ¶¶ 12–15. As a result, in September 2022 it sued Defendant under FOIA, seeking declaratory and injunctive relief to compel the agency to fulfill its request. *Id.* ¶¶ 21–27.

Defendant now moves to dismiss or, in the alternative, for summary judgment. ECF No. 4. Plaintiff opposes. ECF No. 5. Because the Court will resolve Defendant's motion as a motion to dismiss, it does not consider the materials the parties attached in support of or opposition to the alternative request for summary judgment. *See* ECF Nos. 4-2, 4-3, 5-1, 5-2.[1]

## II.     Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That means the complaint "must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). And "the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Id.* (quotation omitted). Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[1] *See, e.g.*, *Breeze v. Kabila Inc.*, 575 F. Supp. 3d 141, 164 (D.D.C. 2021) (On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a "court may not . . . consider declarations not attached to the complaint itself without converting the motion into one for summary judgment.").

**III.    Analysis**

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *ACLU v. DOJ*, 655 F.3d 1, 5 (D.C. Cir. 2011) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)). To that end, FOIA confers jurisdiction on district courts "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). But exercise of that jurisdiction requires "a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 147 (D.C. Cir. 2016) (quotations omitted).

A proper FOIA request is one that (1) "reasonably describes" the records sought and (2) complies with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). "An agency's decision to withhold agency records is not improper if it has not received a request that reasonably describes such records." *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 42 (D.D.C. 2022) (cleaned up). Put differently, improper FOIA requests do not trigger an agency's FOIA obligations. *See Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002).

The D.C. Circuit has explained that the "linchpin inquiry" in determining whether a request reasonably describes the records sought is "whether the agency is able to determine 'precisely what records'" have been requested. *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (quotation omitted). A request that reasonably describes the record sought must "be sufficient to enable a professional employee of the agency . . . familiar with the subject area . . . to locate the record with a reasonable amount of effort." *Am. Ctr. for L. & Just. v. DHS*, 573 F. Supp. 3d 78, 81–82 (D.D.C. 2021) ("*ACLJ*") (cleaned up); *see also* 29 C.F.R. § 70.19(c) ("Requesters must describe the . . . records sought in sufficient detail to enable Department personnel to locate them with a reasonable

4

amount of effort.").  "Courts have recognized that requests facially require unreasonable effort if fulfilling them would require a 'massive undertaking.'"  *Am. First Legal Found. v. DOD*, No. 22-cv-1266 (TJK) (D.D.C.), Second Minute Order of Mar. 31, 2023 (quoting *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020)).  One way in which requests can fail to reasonably describe records is if they are "overbroad."  *See, e.g.*, *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 61–63 (D.D.C. 2013) (dismissing complaint because underlying FOIA requests were "fatally overbroad"); *Dale*, 238 F. Supp. 2d at 104–05 (dismissing complaint because the plaintiff's FOIA request was "too broad" and so "[o]n its face, . . . deficient").  "And although 'FOIA cases typically and appropriately are decided on motions for summary judgment,' . . . a motion under Rule 12(b)(6) is the appropriate vehicle for determining whether a plaintiff's request reasonably describes the records sought."  *Gun Owners*, 594 F. Supp. 3d at 42 (quotation omitted).[2]

Plaintiff's FOIA request does not "reasonably describe" the requested records and so is not a proper request that obliges Defendant to respond.  Thus, Plaintiff has failed to state a claim, and so the Court will grant Defendant's motion and dismiss the complaint.

To begin, Plaintiff's request fails to reasonably describe the records sought because it uses the phrase "any employee or representative" to identify individuals associated with the twenty-five named organizations.  Compl. ¶ 6.  The Court agrees with Defendant that Plaintiff's failure to do so creates "ambiguity" and would require Defendant to "investigate who at the . . . listed non-Department entities might qualify."  *See* ECF No. 4-1 at 14; ECF No. 7 at 6–7.

---

[2] The question of whether a FOIA request is impermissibly overbroad is different from whether it is too burdensome.  *See* ECF No. 5 at 5, 15–17 (Plaintiff arguing that its request is not "unduly burdensome").  Unlike the former, the latter question is appropriately decided on summary judgment, and so the Court does not address it.  *See Pub. Emps. for Env't Resp. v. EPA*, 314 F. Supp. 3d 68, 75 (D.D.C. 2018).

Another court recently dismissed a claim related to a FOIA request that used a similar phrase, and its reasoning is instructive. In *Gun Owners of America, Inc. v. FBI*, the plaintiffs sought "'records of all communications between the FBI and' the Governor, Lieutenant Governor, and Attorney General of Virginia, their respective 'Office[s],' and 'agents and employees of the same.'" 594 F. Supp. 3d at 43. The "identification of whose communications [were] sought," the court held, was "insufficiently precise" because of the "agents and employees" term. *Id.* at 43–44. The breadth of that term—and its "wide range of plausible meanings"—was the *first* problem. *Id.* at 44. The term could be "coterminous with the 'Office[s]' of the Governor, Lieutenant Governor, and Attorney General, rendering the catch-all term superfluous," for example, or it "could apply to every individual working for Virginia's executive branch, each of whom could plausibly be considered an 'agent[] of' the Governor." *Id.*

But the "fatal flaw," the court found, was that the request provided "no way to determine which of these plausible meanings" applied. 594 F. Supp. 3d at 44. It provided only "obscure or nonexistent" criteria for resolving those "gray area[s] or close cases." *Id.* The term "agents and employees" was thus a "vague catch-all" that did not identify "a discrete agency or set of employees," "embed[ding] an intractable uncertainty preventing even the most conscientious and diligent processor from 'determin[ing] precisely what records are being requested.'" *Id.* (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997)). Put differently, "a researcher presented with an email from someone at the FBI to a Virginia state employee would have very little guidance for determining whether the email is to an 'agent or employee' of the Governor—the request 'leave[s] the unfortunate FOIA processor . . . in a hopeless muddle without clear guidance about what documents are being sought.'" *Id.* at 44–45 (quoting *ACLJ*, 573 F. Supp. 3d at 85).

6

Plaintiff's request here is similarly deficient because the phrase "any employee or representative" is also a "vague catch-all." *Gun Owners*, 594 F. Supp. 3d at 44. And that vagueness is not some trifling matter. The terms "employee" and "representative"—respectively, like "employees" and "agents" in *Gun Owners*—admit of "wide range[s] of plausible meanings." *See id.*; Compl. ¶ 6. And Plaintiff offers no criteria for how Defendant should settle on any particular meaning to apply to each of those terms.

Compounding that general concern, "employee" and "representative" can take on different meanings based on the individualized contexts of each of the twenty-five organizations that are the subject of Plaintiff's request. For instance, Plaintiff requests communications with several unions. *See* Compl. ¶ 6. But as Defendant observes, the request does not clarify whether "employee or representative" includes "both actual employees of the unions and union members, or just employees, or how the Department is supposed to identify non-employees." ECF No. 7 at 7. As another example, Plaintiff also seeks records of communications with certain universities. Compl. ¶ 6. But the request provides no criteria for identifying "representative[s]" of those universities; a FOIA processor would have no guidance on how to decide whether a student body president, a member of a volunteer alumni board, or anyone else associated with one of the named universities is a "representative" of that university.[3]

---

[3] In addition, even assuming Defendant could determine the type of person who qualifies as an "employee or representative" of these organizations, Plaintiff's request provides no clue as to how it could adequately identify responsive communications with individuals who fit the bill. For example, Plaintiff does not identify any email domain names associated with the organizations. Plaintiff may not saddle these uncertainties on a would-be FOIA processer. *See ACLJ*, 573 F. Supp. 3d at 81–82 (A request is not reasonably described if it does not sufficiently enable "a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." (quotation omitted)); *Gun Owners*, 594 F. Supp. 3d at 44 (similar).

Plaintiff appears to try to paper over the ambiguity of "employee or representative" by suggesting that category is "easily identified." ECF No. 5 at 17. But it does not offer any substantive response to Defendant's argument that "employee or representative" is not reasonably described.[4] In the end, a FOIA processer would be left in a similarly "hopeless muddle without clear guidance about what documents are being sought" through Plaintiff's request. *See Gun Owners*, 594 F. Supp. 3d at 44–45 (quoting *ACLJ*, 573 F. Supp. 3d at 85). Thus, Plaintiff has failed to reasonably describe the requested records for this reason alone.[5]

But the problems with Plaintiff's request do not stop with the ambiguous phrase "employee or representative." Three other aspects of Plaintiff's request, when taken together, render it impermissibly overbroad on additional grounds as well.

First, the request seeks records of "any political appointees" of the Department of Labor—a large federal agency. Compl. ¶ 6. Plaintiff is correct that a "FOIA request is not deficient just because it does not provide the name or email address of every individual whose communications are sought." ECF No. 5 at 10 (quoting *Gun Owners*, 594 F. Supp. 3d at 46). Yet here, Plaintiff

---

[4] Because the Court resolves this motion under Rule 12(b)(6), it does not rely on Plaintiff's Response to Defendant's Statement of Allegedly Undisputed Material Facts, ECF No. 5-2. But it is telling that, even there, Plaintiff concedes it "does not define or enumerate specific 'employee or representative' of the enumerated external organizations" in its request. *Id.* ¶ 5. Plaintiff asserts it is "not obliged to do so in order to provide a valid FOIA request." *Id.* But as in its opposition to Defendant's motion, Plaintiff provides no explanation why that is the case, let alone any supporting authority. *See generally* ECF No. 5 at 10–15.

[5] To be clear, the issue is not that there are "gray area[s] or close cases" (though there are), but that Plaintiff's "criteria for resolving those close calls are . . . nonexistent." *Gun Owners*, 594 F. Supp. 3d at 44. And even if Plaintiff had provided clarity as to the term "any employee or representative," any search of *all* communications between the agency's political appointees—with no subject-matter limitation—with such individuals across the twenty-five organizations at issue would still demand a "massive undertaking," and thus a "facially unreasonable effort" to fulfill the request. *Am. First Legal Found.*, No. 22-cv-1266, Second Minute Order of Mar. 31, 2023.

does not identify the name or email address of *any* individual whose communications it seeks. And although Plaintiff does restrict "any political appointees" to "all PAS, non-career SES and Schedule C" appointees, that definition still sweeps in a broad group of individuals.  Compl. ¶ 6.

Second, Plaintiff seeks the communications between those unidentified political appointees and unidentified individuals from *twenty-five* organizations, with no subject-matter limitation.  In other words, Plaintiff confirms, "the subject matter of [its] request *is* the records and communications" between the parties in the request.  ECF No. 5 at 14.  Thus, Plaintiff's request can be construed as asking for information across twenty-five "subjects," further broadening its scope to a point that courts have found impermissible.  *See ACLJ*, 573 F. Supp. 3d at 85 (dismissing as overbroad a request seeking communications on eight subjects); *cf. Freedom Watch*, 925 F. Supp. 2d at 61–62 (dismissing FOIA claim based on request for "'[a]ny and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner,' 'the office of Secretary of State Hillary Clinton and the White House,' and 'the office of Secretary of Treasury Timothy Geithner and the White House'" because no "subject matter of such communications [was] suggested" by the request, and so it was "fatally overbroad and burdensome").

Third, Plaintiff's request seeks "all records," which it defines to include everything from "documents" to "telephone notes" to "digital logs" to "photographs" to "maps" and more.  ECF No. 1-1 at 2.  To be sure, "requests for all documents are neither inherently unreasonable nor uncommon." *ACLJ*, 573 F. Supp. 3d at 85.  But courts have also considered the unbounded definition of a term like "record" to support dismissal of FOIA claims.  *See Am. First Legal Found.*, No. 22-cv-1266, First Minute Order of Mar. 31, 2023 (dismissing FOIA claim where "Plaintiff's definition of 'records' [was] decidedly expansive—'not at all limited to *certain* records'" (quoting

*ACLJ*, 573 F. Supp. 3d at 86)); *see also ACLJ*, 573 F. Supp. 3d at 86–87 (finding that the FOIA request's capacious definitions of "record" and "[b]riefing," "when paired with [the request's] other language, . . . only further broaden [the plaintiff's] request").

Perhaps in isolation, these three aspects of Plaintiff's request would not warrant dismissal under Rule 12(b)(6).  But taken together, they make Plaintiff's request "fatally overbroad" for a separate reason, in addition to its use of the ambiguous phrase "employee or representative."  *See Freedom Watch*, 925 F. Supp. 2d at 61–63; *see also ACLJ*, 573 F. Supp. 3d at 84 (dismissing request for "'any and all records, communications, or briefings" on eight subjects as overbroad, noting that the plaintiff "could have limited the request to [certain individuals] or to documents referencing fewer subjects" but "instead chose to include broad language encompassing many other employees and documents").

In response, Plaintiff argues that even if its "request is vague to the point of being legally infirm . . . the Department's Motion to Dismiss fails because the Department has failed to attempt to clarify or refine the scope of the request as required by FOIA and applicable Department regulations."  ECF No. 5 at 18.  But while perhaps "permissible," or even "preferable," "nothing in FOIA requires" "[a] request by the Government to narrow the scope of a FOIA request" if the request is improper.  *ACLJ*, 573 F. Supp. 3d at 88.  In other words, as Judge Howell has explained, the "question of whether or not a request 'reasonably describes' the requested records is a threshold administrative inquiry.  An agency need not make records available to a requester unless and until a requester 'reasonably describes such records.'"  *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 274 n.31 (D.D.C. 2012), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020).  And "there is a meaningful difference between a broadly sweeping yet 'reasonably describe[d]' FOIA request, which might trigger the agency's duties to communicate and cooperate with requesters under 5 U.S.C.

§ 552(a)(6)(B)(ii), and a request that fails to meet the threshold of 'reasonably describ[ing]' the records in the first place." *Id*.  Thus, because Plaintiff seeks records that are not reasonably described, any failure by Defendant to confer with Plaintiff is not a basis to deny the motion to dismiss.[6]

For all these reasons, Plaintiff has failed to reasonably describe the records sought in its request, and so dismissal under Rule 12(b)(6) is appropriate.  And because this infirmity cannot be cured by amending the complaint, the Court will dismiss the complaint with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

### IV.  Conclusion

For all the above reasons, the Court will grant Defendant's motion and dismiss the complaint.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 21, 2023

---

[6] Plaintiff leans heavily on one case in which a court denied a motion to dismiss because it found that the Department of Justice had a "duty to confer" over any "confusion . . . as 'to what types of records or information' [were] sought" in the FOIA request.  *Charles v. United States*, No. 21-cv-1983 (BAH), 2022 WL 951242, at *5 (D.D.C. Mar. 30, 2022) (cleaned up); ECF No. 5 at 18–20.  But the court's reasoning in that case turned on a Department of Justice regulation that is inapplicable here.  *See Charles*, 2022 WL 951242, at *5–6.